IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

AMAR KHALID ABED and
OBAYDA HANAFIE ABED,

        Petitioners,

v.                                CIVIL ACTION NO. 5:06-cv-00176
                                  (Consolidated with CIVIL ACTION NO. 5:06-cv-178)

CHARLES T. FELTS,

        Respondent.

**MEMORANDUM OPINION**

      By Standing Order entered on July 21, 2004, and filed in this case on March 8, 2006, this action[1] was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ["PF&R"]. Magistrate Judge VanDervort filed his PF&R on February 20, 2008 [Docket 11]. In that filing, the magistrate judge recommended that this Court dismiss Petitioners' Applications for a Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 [Case No. 5:06-cv-176, Docket 1 and Case No. 5:06-cv-178, Docket 1] and further dismisses this case from the Court's docket.

      The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections

---

[1] Petitioners filed their cases separately, but Magistrate Judge VanDervort consolidated the cases by order entered February 20, 2008.

that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 7, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Petitioners timely filed objections to the PF&R on February 28, 2008.

## I. BACKGROUND

The full factual and procedural history of this action is set forth in the PF&R. Petitioners are prisoners in confinement at the Bureau of Prisons' FCI Beckley facility. Petitioners were convicted of "being members of a criminal enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d) (RICO), of conspiracy to violate RICO, and of a host of offenses arising out of their membership in the RICO enterprise" in the United States District Court for the Western District of Virginia on August 8, 1997. *Abed v. United States*, 2001 WL 1343394 (W.D. Va. Oct. 19, 2001) (Wilson, C.J.). On August 31, 1997, Judge Samuel G. Wilson sentenced Amar Abed to 570 months imprisonment and Obayda Abed to 497 months imprisonment. Their appeals of these sentences were denied by both the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court. Petitioners subsequently filed petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which were denied by the Judge Wilson. Petitioners thereafter appealed Judge Wilson's decision to dismiss their § 2255 petitions, and that appeal was dismissed by the Fourth Circuit.

In their Applications, Petitioners seek the federal courts to revisit their convictions yet again. Specifically, they claim that the trial court incorrectly instructed the jury, improperly admitted hearsay evidence, and violated their Sixth Amendment rights under *Blakely v. Washington*, 542 U.S.

296 (2004) and *United States v. Booker*, 542 U.S. 220 (2005). In his PF&R, the magistrate judge suggests that because Petitioners' challenge the validity of their federal sentences, those claims are properly considered under § 2255, not § 2241. The magistrate judge further suggests that because claims under § 2255 must be filed in "the court which imposed the sentence[,]" this Court cannot exercise jurisdiction over Petitioners' claims. 28 U.S.C. § 2255(a).

## II. DISCUSSION

Applications under 28 U.S.C. § 2255 are generally the exclusive remedy for testing the validity of federal judgments and sentences. *In re Jones*, 266 F.3d 328, 333 (4th Cir. 2000). A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley,* 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *See In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones,* 226 F.3d 328, 333-34 (4th Cir. 2000).

In their objections, Petitioners do not dispute the magistrate judge's finding that they seek to challenge the validity of their federal sentences. Rather, Petitioners object to the magistrate judge's proposed finding that § 2255 is not inadequate or ineffective such that they can resort to § 2241. Petitioner do not argue that they have satisfied the *In re Jones* standard for testing a federal conviction under § 2241. Instead, Petitioners argue that § 2255's "effective bar" on filing second or successive petitions is itself unconstitutional and, therefore, that this Court should allow their case to proceed under § 2241. [Docket 14 at 6.]

The restriction on second or successive § 2255 petitions was enacted by the passage of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (the "AEDPA") (codified in relevant part at 28 U.S.C. § 2255). Under the AEDPA, before a successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals. 28 U.S.C. § 2255(h).

The constitutionality of the AEDPA's restriction on second or successive § 2255 petitions was considered by the United States Court of Appeals for the Third Circuit in *In re Ocsulis Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). The *Dorsainvil* court noted that "Were no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue." *Id.* at 248. However, because "the AEDPA did not amend the 'safety valve' clause in § 2255 that refers to the power of the federal courts to grant writs of habeas corpus pursuant to § 2241 [when § 2255 is inadequate or ineffective to test the legality of [the] detention,]" the Third Circuit did not believe the AEPDA was unconstitutional. *Id.* at 249. This Court agrees with the *Dorsainvil* court's

reasoning and holds that the AEDPA's restriction on second or successive § 2255 petitions is not unconstitutional. Accordingly, Petitioners objections are **OVERRULED**.

As noted above, the filing of second or successive § 2255 petitions is permitted, but only after seeking appropriate leave from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h). Petitioners have not sought a certification from the Fourth Circuit authorizing them to pursue a second or successive § 2255 motion. Additionally, Petitioners have not sought to satisfy the *In re Jones* standard for the Court to find that § 2255 is inadequate or ineffective such that they may proceed under § 2241. Therefore, Petitioner's Applications must be dismissed.

### III. CONCLUSION

Based on the above, the Court **DISMISSES** Petitioners' Applications for a Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 [Case No. 5:06-cv-176, Docket 1 and Case No. 5:06-cv-178, Docket 1] and further **DISMISSES** this case from the Court's docket. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: July 14, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE